UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEANN COLLINS-DURHAM, Plaintiff | CIVIL ACTION NO. 1:17-CV-00677 |
| VERSUS | JUDGE DRELL |
| JPMORGAN CHASE, N.A., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Complaint, filed by Third Party Defendant Brooke V. Fontenot ("Fontenot"). (Doc. 10). Third Party Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") opposes the motion (Doc. 12). For the foregoing reasons, Fontenot's Motion to Dismiss (Doc. 10) should be DENIED.

I. Background

DeAnn Collins-Durham ("Durham") instituted suit against JPMorgan in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. (Doc. 1). Durham claims JPMorgan is liable for conversion of two cashier's checks, allegedly presented by Fontenot for deposit without the knowledge and consent of Durham. (Doc. 1). JPMorgan removed the suit to federal court based on diversity jurisdiction. (Doc. 1).

By Third Party Complaint ("Complaint"), JPMorgan made Fontenot a third-party defendant to this suit. (Doc. 3). JPMorgan claims that if it is found liable for all or any part of the claims asserted against it by Durham, then JPMorgan is entitled to indemnity from Fontenot. (Doc. 3). JPMorgan alleges the basis of the third-party

claim are Durham's allegations that Fontenot converted the funds at issue from her mother's use without her knowledge or consent. (Doc. 3).

Fontenot filed this Motion to Dismiss Complaint (Doc. 10), seeking dismissal of JPMorgan's Complaint. Fontenot argues that JPMorgan's allegations do not state a claim upon which relief can be granted.

## II. Law and Analysis

### A. Standards governing the 12(b)(6) Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement…showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

B. JPMorgan's Third-Party Complaint states a plausible claim for relief.

"[A] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it or all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-party complaints are not permissible "merely because [the third-party defendant] may be liable to the plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368, n. 3 (1978). "Louisiana law allows claims for tort indemnity only when the third-party plaintiff's negligence is passive or its fault is only technical or theoretical." Schumacher Homes of Louisiana, Inc. v. R.E.

3

Washington Construction, LLC, 2016 WL 5415083 (W.D. La. 2016) (citing Threlkeld v. Haskins Law Firm, 922 F.2d 265, 267 (5th Cir. 1991).

An indemnity claim should not be dismissed if "[t]here is [a] foreseeable combination of findings, viewing the allegations of the pleadings…in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." Id. Because "issues of fault, intent, negligence, knowledge or ignorance, and/or good faith are not involved in actions for tortious conversion," a defendant may be liable for conversion without knowing that the property belonged to another. Id. (citing Hagberg v. Manuel, 525 So. 2d 19, 22 (La. Ct. App. 1988)).

A third-party claim may be used "where a proposed third-party plaintiff says, in effect, 'if I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part…of anything I must pay plaintiff.'" Wright v. City of Tallulah, 2014 WL 1788711, at *4 n.5 (W.D. La. 2014) (quoting Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Eistner Assocs., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987)). A defendant must show a "basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." McCain v. Clearview Dodge Sales, Inc., 574 F.2d 848, 849-50 (5th Cir. 1978).

A third-party demand is appropriate "when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." Martco Ltd. P'ship v. Bruks Inc., 430 Fed.Appx. 332, 334 (5th Cir. 2011)

(citation omitted). The right to contribution or indemnity must exist under state substantive law. Gen. Dynamics Corp. v. Adams, 340 F.2d 271, 279 (5th Cir. 1965). Indemnity is based on the theory of unjust enrichment "and may lie when one party discharges a liability which another rightfully should have assumed." Nassif v. Sunrise Homes, Inc., 739 So. 2d 183, 185 (La. 1999). "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement." Hamway v. Braud, 838 So. 2d 803, 806 (La. App. 1 Cir. 2002).

In the absence of an express contractual provision, a claim for legal indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." Id. "Indemnity, unlike contribution, is not dependent upon subrogation to the right of the creditor, but finds its basis in the concept of unjust enrichment, i.e., the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness." Mayo v. Benson Chevrolet Co., 717 So.2d 1247, 1249 (La.App. 5th Cir.1998) (citation omitted). Thus, a party "who is actually negligent or actually at fault cannot recover [legal] indemnity." Id. JPMorgan would thus need to show it is "not actually at fault, [and its] liability results from the fault of others." Kinsale Ins. Co. v. Georgia-Pacific, L.L.C., 795 F.3d 452, 456 (5th Cir. 2015).

5

Fontenot argues that there is only one paragraph setting forth the cause of action against her and that it does not reflect any facts upon which any relief can be granted. (Doc. 10). In its Answer to Durham's Complaint, JPMorgan alleges a Third-Party Claim against Fontenot. (Doc. 3).

In its Third-Party Complaint, JPMorgan denies all liability to the allegations in Durham's Petition. (Doc. 3). JPMorgan claims that to the extent it is found liable for all or any part of the claims asserted against it by Durham in the Petition, "then, and in that event only, JPMorgan is entitled to indemnity from and judgment over Fontenot." (Doc. 3). JPMorgan claims the grounds for its third-party claim are allegations made by Fontenot's mother, Durham, that Fontenot converted the funds at issue from her mother's use without her mother's knowledge or consent. (Doc. 3). Just as in Schumacher Homes, JPMorgan alleges tort indemnity in that its fault is merely technical and Fontenot is derivatively liable. (Doc. 3).

Accepting JPMorgan's allegations as true, JPMorgan has stated a claim upon which relief can be granted. JPMorgan's Third-Party Complaint is derivative of the allegations contained in Durham's Complaint. If Durham prevails on those allegations, JPMorgan may be able to obtain indemnification from Fontenot if it shows that JPMorgan was not actively involved in the conversion of funds.

III. Conclusion

For the foregoing reasons,

6

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 10) filed by the Third Party Defendant Brooke V. Fontenot be **DENIED**. Fed. R. Civ. P. 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge