RECEIVED
MAR 29 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEANN COLLINS-DURHAM | CASE NO. 17-CV-00677 |
| -vs- | JUDGE DRELL |
| JP MORGAN CHASE BANK, N.A. | |
| -vs- | |
| BROOKE V. FONTENOT<br>*Third-Party Defendant* | MAG. JUDGE PEREZ-MONTES |

## RULING

Before the court are cross-motions for summary judgment filed by the Plaintiff, DeAnn Collins-Durham ("Plaintiff" or "Collins-Durham") and Defendant, JP Morgan Chase Bank, N.A. ("Defendant" or "Chase"). (Docs. 31, 35). For the reasons explained below, the court finds that Defendant's motion should be granted and that summary judgment should be entered in favor of Chase, dismissing all claims by Plaintiff against it in this matter.

I.  Relevant Facts

Plaintiff and her daughter, third party defendant Brooke V. Fontenot ("Fontenot"), opened a joint checking account at Chase on or about June 2, 2011.[1] Plaintiff and Fontenot testified that the main purpose of the account was to afford Plaintiff ease in transferring money to Fontenot in her times of need.[2]

---

[1] Signature card evidencing account opening on June 2, 2011 at Doc. 31-1, Exhibit 1.
[2] Id. at 24:20-25:14; Doc. 31-2 at 45:2-16, 46:21-24.

1

On or about September 28, 2016, Plaintiff received two (2) cashier's checks drawn on Red River Bank and made payable to "DeAnn Elise Collins-Durham." Check number 193430 was made in the amount of $150,000 and check number 193562 was made in the amount of $249,221.91.[3] Plaintiff alleges that she stored these checks in her safe deposit box at Red River Bank, but that they were stolen from that location sometime between September 28, 2016 and December 27, 2016, the date on which she later discovered they had been cashed.[4] Plaintiff acknowledges that she and her roommate at the time, Barbara Gage ("Gage"), both had access to the safe deposit box and each had a set of keys.[5] Fontenot asserts that she received the checks from Gage with the instructions that her mother wanted her to have them.[6] On December 27, 2019, Fontenot delivered both checks to the Chase location at 3820 Jackson Street Extension in Alexandria, Louisiana for deposit into the joint checking account she shared with Plaintiff.[7] An endorsement reading, "for deposit only 960448728" was added to the back of each check.[8] Once the check funds were deposited, Fontenot began requesting cashiers checks drawn upon these funds in various amounts, payable to the following payees:

1. David Fontenot - $100,000 on December 28, 2016
2. Brooke Fontenot - $50,000 on December 28, 2016
3. Brooke Fontenot - $50,000 on December 28, 2016
4. Zachary Fontenot - $40,000 on December 28, 2016
5. Barbara Gage - $75,000 on January 6, 2017
6. Brooke Fontenot - $50,000 on January 6, 2017.[9]

---

[3] Copies of cancelled checks at Doc. 31-1, Exhibits 3 and 4.
[4] Doc. 31 at p. 2.
[5] Doc. 31-2 at 71:21-22.
[6] Deposition of Fontenot at 46:19-22.
[7] Doc. 31-1 at Exhibits 3 and 4.
[8] Id. at Exhibit 3.
[9] Id. at Exhibits 6-15.

In addition, Fontenot made a cash withdrawal on January 6, 2017 in the amount on $5,000.[10] As a result of these withdrawals, most the funds deposited via the cashier's checks were depleted from the joint checking account by January 6, 2017.

Plaintiff filed the instant suit naming Chase as the sole defendant and asserting a claim for conversion against Chase in the amount of the two cashier's checks, plus legal interest and costs, as well as other equitable relief as may be justified. (Doc. 1-2 at ¶5). Chase answered the suit, denying liability in this matter and naming Fontenot as a third-party defendant, asserting a claim against her in the event it is found liable for any amount based upon Plaintiff's allegations herein. (Doc. 3 at pp. 6-7).

Prior to filing the instant summary judgment motion, Fontenot filed a motion to dismiss all third-party claims against her in this matter pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 10). By adoption of the Report and Recommendation issued by the Magistrate Judge in this case, this court denied Fontenot's motion, finding that Chase's answer and third-party demand did state a claim against Fontenot as to which relief could be granted and, for that reason, dismissal was not appropriate. Specifically, the court agreed with Chase's contention that any liability that may be imposed upon Chase may form the basis for indemnity liability by Fontenot if Chase is able to demonstrate culpable conduct by Fontenot in furtherance of the alleged conversion in this case. (Doc. 26).

The instant motions were filed shortly after the court denied Fontenot's motion to dismiss.

II.     Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[10] Id. at Exhibit 11.

3

Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

III. Analysis

Plaintiff and Chase filed opposing motions for summary judgment, each seeking judgment in their favor as to Plaintiff's claim for conversion of the negotiable instruments at issue in this case. Plaintiff's motion asserts that Fontenot was never a "holder" of the cashier's checks under the U.C.C., Louisiana's law of negotiable instruments, and, for that reason, Chase's deposit of the checks without Plaintiff's endorsement constituted conversion. (Doc. 35 at pp. 10-11). Conversely, Chase asserts that no conversion occurred because both Plaintiff and Fontenot were bank customers and, under the deposit agreement in effect at the time, Chase was permitted to deposit the two cashier's checks into their joint account. Moreover, Chase points out that Plaintiff was in receipt of the funds from the checks, as they were deposited into an account that she co-owned and had access to at and during the time of the deposit. Thus, argues Chase, Plaintiff has no valid claim for conversion against it the bank. (Doc. 31).

4

Two important facts of this case are uncontroverted. Plaintiff admits that she and Fontenot were co-owners of the joint checking account at Chase into which Fontenot deposited the cashier's check proceeds.[11] Plaintiff admits that she did not monitor the account regularly and did not check the statements issued by Chase on the account.[12]

Under the deposit agreement existing between the parties at the time of the events in question, Chase was permitted to allow either Fontenot or Plaintiff to remit an instrument for deposit into the account on behalf of the other as the instrument's payee. Additionally and specifically, Fontenot was appointed by Plaintiff as her "agent and attorney in fact with power to endorse and deposit items payable to … her in the joint account."[13]

Although it is unclear who supplied the handwritten "for deposit only" endorsement to the back of the checks, it is inconsequential in this instance. The deposit agreement clearly permits Chase to deposit an instrument without an endorsement or to consider an endorsement by a joint account holder as an endorsement on the absent payee's behalf.[14] Additionally, the handwritten endorsement was likely unnecessary, given the bank's stamp endorsement, also affixed on the date of deposit.[15]

Finally, there is no evidence to suggest that the proceeds of the cashier's checks were not deposited into the joint checking account and, thus, were not paid to Plaintiff. Conversion could not have occurred under La. R.S. 3-420, which provides, *inter alia*,

> [a]n instrument is converted when
>
> (iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains

---

[11] Deposition of Plaintiff at 44:25 – 45:25.
[12] Id. at 83:5 – 85:15.
[13] "Account Rules and Regulations" (Doc. 31-1 at Exhibit 2, p. 16).
[14] Id. at pp. 8, 16.
[15] Doc. 31-1 at Exhibits 3 and 4.

payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

Plaintiff's motion is premised, for the most part, on the underlying notion that Fontenot's taking of the checks, likely via Gage, without Plaintiff's consent, corrupted Fontenot's deposit of the checks into the joint account in a manner that creates liability on the part of Chase. Yet, Plaintiff's motion overlooks the deposit agreement as a contract among the parties that, by their mutual consent, governs their relationship with respect to the joint account at issue.[16] Plaintiff does not allege and makes no showing that Chase failed to abide by the terms of the deposit agreement between them.

If, as Plaintiff suggests, her daughter and her former roommate conspired to steal funds from her, any claims likely should have been brought against Fontenot and Gage. Plaintiff's decision not to name these individuals as parties to this suit is puzzling, given her deposition testimony clearly detailing criminal conduct.

Having reviewed both motions, all attendant briefs and evidence, as well as applicable law and jurisprudence, the court finds no genuine dispute of material fact outstanding that would entitle Plaintiff to judgment in her favor. In contrast, we conclude that the uncontroverted facts before the court demonstrate that Chase is entitled to judgment in its favor dismissing all claims against it by Plaintiff in this suit with prejudice. Additionally, we find it appropriate to dismiss all third-party claims by Chase against Fontenot as moot.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
March 29, 2019

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT

---

[16] La. Civ. C. Art. 1971; JPMorgan Chase Bank, N.A. v. Andrus, 10 So.3d 1286, 1289 (La. App. 3 Cir. 2009) citing Marshall v. First Bank & Trust, 848 So.2d 660 (La. App. 4 Cir. 2003).

6